THOMAS L. RIDENHOUR AND WIFE GERALDINE H. RIDENHOUR v. THE LIFE INSURANCE COMPANY OF VIRGINIA

No. 7921DC980

(Filed 20 May 1980)

Insurance § 45 — accidental death provision — applicability to insured — insured child not covered

In an action to recover on a policy insuring the lives of plaintiff and her four children, the accidental death benefit provision, which covered "the accidental death of the Insured," when read in the context of the policy as a whole, was subject only to the interpretation that coverage under the accidental death provision extended to the Insured, plaintiff mother, and not to the In-

sured Child; furthermore, plaintiffs could not recover the accidental death benefit for the child even if the insured agent did represent that the provision in question would apply to all individuals listed in the policy, since such representation would not establish a reasonable interpretation of the contract but would directly contradict the written policy, the terms of which determined the parties' rights.

APPEAL by plaintiffs from *Harrill, Judge.* Judgment entered 19 September 1979 in District Court, FORSYTH County. Heard in the Court of Appeals 16 April 1980.

Plaintiffs, in their complaint, seek to recover against the defendant insurance company under a life insurance policy alleging that by the terms of the policy, an accidental death benefit provision is provided to the insured without additional premium; that the child of plaintiff Geraldine H. Ridenhour died in an automobile accident; that the defendant has paid only $1,000 in term insurance on the child; and that the defendant has refused to pay accidental death benefits under the policy of $1,000. A copy of the insurance policy including the application for the policy was attached to the complaint.

Defendant filed a Motion to Dismiss under Rule 12 on the grounds that the policy clearly provides accidental death benefits for the "Insured" (Geraldine H. Ridenhour) and not for the "Insured Child."

Plaintiff Thomas Ridenhour then filed an affidavit stating that when he applied for the policy he listed his wife and her children as the Insureds under this policy; that he specifically told the insurance agent he wanted double coverage on everyone (his wife and her children); and the agent told him that double payment was provided for his wife and all the children for accidental death at no additional cost under the "Accidental Death Benefit Provision" of the policy.

Plaintiffs moved for summary judgment. The court denied plaintiffs' motion for summary judgment and allowed "the motion of the defendant for summary judgment. . ." Plaintiffs gave notice of appeal.

*Pettyjohn & Molitoris, by Theodore M. Molitoris for plaintiff appellants.*

*Womble, Carlyle, Sandridge & Rice by Allan R. Gitter for defendant appellee.*

Ridenhour v. Insurance Co.

MARTIN (Robert M.), Judge.

The question presented by this appeal is whether the accidental death provision of the parent and child policy applies to the children insured under that policy. The accidental death provision reads as follows: "The company agrees, subject to the provisions of this policy, to pay an Accidental Death Benefit upon receipt at its National Headquarters of due proof of the accidental death of the Insured." The meaning of the language "the Insured" as used in this policy is a question of law. *Trust Co. v. Insurance Co.*, 276 N.C. 348, 172 S.E. 2d 518 (1970).

The plaintiffs contend that the policy contains no qualifying statement as to who the "Insured" is; that the term "Insured" must be read in accordance with the application attached to the policy and that, when so read, the term Insured is reasonably susceptible of several interpretations. We disagree. The interpretation chosen by plaintiff can be arrived at only by ignoring the distinction between Insured and Insured Child which is made throughout both the policy and the application which together constitute the entire contract by the terms of the agreement.

The application has clearly divided sections headed PROPOSED INSURED A, PROPOSED INSURED B, AND PROPOSED INSURED C—CHILDREN (Family Plan or Parent Child). Under Proposed Insured A is listed Geraline (misspelled in pleadings as Geraldine) H. Ridenhour, Proposed Insured B is left blank and under Proposed Insured C—Children are listed the names of Mrs. Ridenhour's four children. Question 4 on the application refers in the heading to "INSUREDS A & B PART I AND INSURED CHILDREN PART II." Below in question 5 of the application dealing with coverage, premiums and benefits, the following appears with reference to the accidental death benefit and disability benefit:

| 5(f) Paid | Ins. A (x) | (g) Paid | Ins. A (x) |
| ADB | Ins. B ( ) | Dis. | Ins. B ( ) |

Block 5(f) with the words "Paid ADB" (Paid Accidental Death Benefits) shows a check mark in the block for Insured A, who is Geraline H. Ridenhour as shown above. There is no block for Insured C—Children appearing next to either the accidental death or disability benefit. The application indicates that these benefits apply only to Insured A and B and not to Insured Children. Thus, it can readily be seen that the application distinguishes between the classes Insured and Insured Children and between the benefits which apply to each.

The policy also furthers the distinction between the Insured and Insured Child. Page one of the policy lists the Insured as Geraline H. Ridenhour. On page 3, Policy Specifications, the following appears:

OWNER THE INSURED                    PLAN PARENT AND CHILDREN
   INSURED GERALINE H.
      RIDENHOUR                      33 AGE NEAREST BIRTHDAY
      NUMBER 76013589                $5,000 INSURANCE ON
                                        INSURED
      CLASS STANDARD                 JULY 28, 2028 MATURITY
                                        DATE
POLICY DATE    JULY 28, 1976         INSURANCE ON INSURED CHILD
                                        TERM INSURANCE $1,000
SCHEDULE OF BENEFITS                 SCHEDULE OF PREMIUMS

| Amount | Payable For |
|---|---|
|  |  |

LIFE INSURANCE INCLUDING
ACCIDENTAL DEATH INSURED
WAIVER OF PREMIUM DISABILITY
   INSURED                            $10.53      52 Years

Hence, the Insured again clearly refers to Geraline H. Ridenhour on the face of the policy as opposed to the insured children.

Moreover, by definition the language Insured and Insured Child designates two different categories of insured under the policy. "INSURED CHILD. As used in this policy, Insured Child means any child, stepchild, or legally adopted child of the Insured named in the application for this policy. . ." Only several policy provisions need be excerpted in order to show that this distinction is obvious throughout the policy and that Insured and Insured Child are different categories to which different benefits and rules apply. For example,

5. PAID-UP INSURANCE ON CHILDREN

In the event of the death of the *Insured* . . . any remaining insurance provided by this policy on the life of each *Insured Child* shall be continued in force. . . . This policy must be surrendered upon death of the *Insured* and if there is any remaining insurance, a supplementary paid-up policy or policies will be issued . . . on the life of each *Insured Child* . . . (Emphasis added.)

6. PAYMENT OF DEATH BENEFIT

PAYMENT OF PROCEEDS. . .

a) The amount payable upon the death of the *Insured* shall be paid to the Beneficiary, if then alive, otherwise to the estate of the *Insured.*

b) The amount payable upon the death of any *Insured Child* shall be paid to the *Insured*, if then alive, otherwise to the Beneficiary, if then alive, otherwise to the estate of the *Insured Child.* (Emphasis added.)

Therefore, it is manifest that when the Accidental Death Benefit Provision, which covers "the accidental death of the Insured," is read in context of the policy as a whole, it is subject to only one interpretation: coverage under accidental death provision extends only to the Insured, in this case, Geraline H. Ridenhour, and not to the Insured Child. Where the language of an insurance policy is plain, unambiguous and susceptible of only one reasonable construction, the courts will enforce the contract according to its terms. *Woods v. Insurance Co.*, 295 N.C. 500, 246 S.E. 2d 773 (1978).

Plaintiffs by their second argument contend that summary judgment for defendant was improper because their uncontroverted affidavit shows that the insurance agent interpreted the Accidental Death Benefit Provision to apply to all the individuals listed in the policy. However, this representation, if made, would not establish a reasonable interpretation of the contract; it would directly contradict the written policy. Under long established precedent, this may not be done. *Cavin's, Inc. v. Insurance Co.*, 27 N.C. App. 698, 220 S.E. 2d 403 (1975), citing *Floars v. Insurance Co.*, 144 N.C. 232, 56 S.E. 915 (1907). As in *Cavin's*, the plaintiff has alleged neither fraud nor mutual mistake but only that representations were made by defendant's agent. Not seeking reformation, plaintiffs have brought suit upon the written policy and the rights of the parties must, therefore, be determined by its terms. *Cavin's Inc. supra.* Whether plaintiffs have a cause of action in negligence against the insurance agent we do not decide as plaintiffs cannot by their affidavit convert their action in contract against the insurance company into an action for negligent failure to procure insurance against the agent.

Plaintiffs, having sued on the contract, have shown no legal basis for their claim. Summary judgment was properly entered for defendant.

Affirmed.

Judges WEBB and HILL concur.