**ALLSTATE INS. CO. v. STILWELL**

[181 N.C. App. 141 (2007)]

ALLSTATE INSURANCE COMPANY, PLAINTIFF V. ELIZABETH CHANEY STILWELL,
ADMINISTRATRIX OF THE ESTATE OF DENNIS RAY STILWELL, JR., DECEASED; GMAC
INSURANCE MANAGEMENT CORPORATION; DENNYSE RAYANNE NICOLE
STILWELL, A MINOR, DEFENDANT

No. COA05-1393-2

(Filed 2 January 2007)

**Insurance— automobile—five vehicles—computer limitations—two policy numbers—one policy**

> The trial court properly granted summary judgment for plaintiff insurer where two policy numbers were issued to cover five vehicles in one family due to the limitation of plaintiff's computer system. Given language in the policy declarations, the explanatory letters from plaintiff, the billing under one number with the same renewal periods, cross-referencing of the policy numbers, and the fact that the insureds were only charged once for UIM coverage, the insureds had only one policy providing UIM coverage, and there was no genuine issue of material fact as to whether a reasonable person would think that there were two policies.

Appeal by defendant from order entered 28 June 2005 by Judge Robert C. Ervin in the Superior Court in Caldwell County. Originally heard in the Court of Appeals 11 May 2006; reheard pursuant to order issued 19 October 2006.

*Morris, York, Williams, Surles & Barringer, L.L.P., by John P. Barringer and Keith B. Nichols, for plaintiff-appellee.*

*Byrd, Byrd, Ervin, Whisnant & McMahon, P.A., by Robert K. Denton and Lawrence D. McMahon, Jr., for defendant-appellant.*

HUDSON, Judge.

On 8 October 2004, plaintiff Allstate Insurance Company ("Allstate") asked the court to declare its obligations regarding insurance policies issued to a driver whose negligence caused the death of Dennis Ray Stilwell, Jr. ("decedent"), the spouse of defendant Elizabeth Chaney Stilwell ("defendant"). Each party moved for summary judgment, and on 21 June 2005, the trial court granted summary judgment to Allstate. Defendant appeals. We affirmed in a decision issued on 1 August 2006. *Allstate v. Stilwell*, 178 N.C. App. 738, 632

S.E.2d 599 (2006). On 5 September 2006, appellants filed a petition for rehearing, which we allowed in an order filed 19 October 2006. The matter is before us on rehearing. As discussed below, we affirm.

Defendant's spouse died on 22 September 2003 as the result of the negligent operation of a car driven by Joshua Chad Moses. Moses was covered by two liability policies issued by GMAC Insurance, each with liability limits of $30,000 per person. Defendant reached a settlement with GMAC for $60,000, exhausting both liability policies, but reserving her right to recover additional damages under any applicable underinsured motorist ("UIM") coverage. At the time of his death, decedent was the son of Dennis and Frankie Stilwell ("the Stilwells"), a resident of their household, and thus, an insured family member under any UIM coverage provided to the Stilwells. The Stilwells had automobile insurance coverage provided by plaintiff. Defendant made a claim for additional damages from plaintiff, contending that Allstate had issued two policies to the Stilwells, each of which included UIM coverage. Allstate countered that only one policy had been issued to the Stilwells with UIM coverage limited to $50,000, less than the amount defendant recovered from the exhausted liability policies. The present declaratory judgment action ensued.

Defendant argues that the trial court erred granting summary judgment to Allstate based on the ruling that the Stilwells had only a single insurance policy with Allstate. We do not agree.

At the time of decedent's death, he was covered by Allstate policy 130072640, issued to the Stilwells, which covered two of their vehicles. Policy 130072640 provided UIM coverage in the amount of $50,000. Because of Allstate's computer system limitations and the fact that the Stilwell family owned and insured more than four vehicles, Allstate issued a second policy reference number (13017390), referred to as a multiple record policy ("MRP") number, which covered three additional vehicles. The sworn affidavit of Allstate employee Carol Edens states that policy 130072640 and MRP 13017390 comprised only one automobile insurance policy. Uncontroverted evidence indicates that all policy premiums paid for the Stilwells' five vehicles were billed under policy 130072640 in a single bill. The invoice for policy 130170370 states that UIM coverage for bodily injury is "charged on policy 130072640," and shows no balance due; the invoice for policy 130072640 shows a charge of $25 for such coverage. In addition, Edens' affidavit indicated that the premiums paid only entitled the Stilwells to UIM coverage in the amount of

$50,000 per person. Further, Allstate submitted numerous letters sent to the Stilwells, which were also before the trial court, six before decedent's death and one after, explaining that they had only a single policy with Allstate. These letters explained:

> Because you have more than four vehicles to protect, you have two sets of policy Declarations with two policy numbers. In effect, you have one policy with two policy numbers. Coverage for all of your vehicles will renew on the same date, and you'll find both of your policy numbers—as well as your coverages and their costs—listed on your Policy Declarations. And you will receive one bill (which is sent out in a separate mailing) for all vehicles.

Defendant objected to the admission of this evidence, contending that it constituted merely the affiant's legal conclusions. Our review of the affidavit reveals that it contains nothing more than uncontroverted factual assertions about Allstate's billing practices and internal procedures, which the trial court properly considered. Defendant cites *Ridenhour v. Life Ins. Co. of Virginia*, 46 N.C. App. 765, 769, 266 S.E.2d 372, 374 (1980), for the proposition that an insurance agent's interpretation of the terms of an insurance policy is not admissible to contradict the written policy. Defendant argues in the petition that the letters and Edens' affidavit were used "to vary or contradict the express language of the written policy." Upon our review of these documents, however, we conclude that the letters and affidavits clarify, but do not contradict the terms of the written policy declarations.

In *Iodice v. Jones*, plaintiffs sought "declaratory judgment on the issue of whether they had purchased one or two underinsured motorist (UIM) policies from GEICO [their automobile insurance company]." 135 N.C. App. 740, 741, 522 S.E.2d 593, 593 (1999). In *Iodice*, GEICO had informed the plaintiffs that only three vehicles could be covered under a single policy and that, in order to cover their fourth vehicle GEICO "would need to issue a second policy." *Id.* at 742, 522 S.E.2d at 594. In addition, GEICO sent plaintiffs separate billings with different renewal dates for each policy. *Id.* Most importantly, "GEICO submitted affidavits, in response to Plaintiffs' request for the production of documents, plainly stating that separate policies of insurance were 'issued.' " *Id.* at 745, 522 S.E.2d at 596. Although GEICO submitted an affidavit from an underwriting manager stating the second policy was only an extension and not a separate policy, this Court concluded that this contradictory evidence revealed "noth-

ing more than an ambiguity with respect to the question of whether there is one policy or two policies[.]" *Id.*

Here, unlike the insurance company in *Iodice,* Allstate has not conceded that it issued two different policies, but has consistently maintained, in its letters to the Stilwells and in its affidavits filed in response to this litigation, that it issued the Stilwells only a single policy. It is well-established that insurance contracts should be given the construction of a reasonable person in the position of the insured. *Register v. White,* 358 N.C. 691, 699, 599 S.E.2d 549, 556 (2004). Given the language in the declarations, along with explanatory letters from Allstate, the billing under one number with the same renewal periods, the cross-referencing of the policy numbers, and the fact that the Stilwells were only charged once for UIM coverage, we do not see a genuine issue as to whether a reasonable person would think she had two policies. Thus, we conclude that the trial court properly granted summary judgment to plaintiff.

Affirmed.

Judges McCULLOUGH and TYSON concur.

The judges participated and submitted this opinion for filing prior to 1 January 2007.