77690. BURNETTE v. GEORGIA LIFE & HEALTH INSURANCE
COMPANY.
(379 SE2d 188)

SOGNIER, Judge.

June Burnette, guardian of Robert Lee Burnette, a minor, brought suit against Georgia Life & Health Insurance Company to recover benefits allegedly due under an insurance policy issued to Robert Lee Burnette by Georgia Life. After Georgia Life moved for judgment on the pleadings and Burnette filed a motion seeking partial summary judgment, the trial court ruled in favor of Georgia Life on both motions, and Burnette appeals.

The record reveals that on February 7, 1987, Robert Burnette was a passenger in an automobile driven by William Alford, who crossed the centerline and struck another vehicle, injuring Burnette. Appellant made a claim for medical expenses in excess of $18,000 on Burnette's student blanket accident policy, but appellee denied the claim because the policy excluded losses resulting from "[i]njuries sustained while [the insured] is an occupant of a private automobile . . . being driven in violation of any law or ordinance . . . ."

1. Appellant contends the trial court erred by granting appellee's motion for judgment on the pleadings and denying her motion for partial summary judgment in the amount of the policy limit ($10,000) on the grounds that the policy exclusion should be read to exclude only continuous violations of the law, not temporary lapses, and that coverage should not be dependent on the fault of the driver.

When the language of an insurance policy defining the extent of the insurer's liability is unambiguous and capable of but one reasonable construction, the court must expound the contract as made by the parties. *Cantrell v. Home Security Life Ins. Co.*, 165 Ga. App. 670, 671 (2) (302 SE2d 415) (1983). Courts have no more right by strained construction to make an insurance policy more beneficial by extending the coverage contracted for than they would have to increase the amount of coverage. *Pennsylvania &c. Ins. Co. v. Heule*, 140 Ga. App. 851, 854 (232 SE2d 267) (1976).

Appellant does not contend, and we do not find, that the policy exclusion at issue is ambiguous. Accordingly, we cannot construe the provision to read that the violation of law must exist for a specific period of time, nor can we interpret the policy to cover losses from accidents in which the driver is at fault but the insured is blameless. We must read the exclusion by its plain and ordinary meaning, which means that appellant's claim is not covered because she admits the

Alford vehicle was driven in violation of the law. Thus, we conclude the trial court did not err by granting appellee's motion for judgment on the pleadings and denying appellant's motion for partial summary judgment. See generally *Boyes v. Continental Ins. Co.*, 139 Ga. App. 609, 611 (229 SE2d 75) (1976).

2. Appellant also contends the exclusion should not be enforced, arguing that a policy provision which denies coverage to a minor insured when the insured is only a passenger in a motor vehicle being driven in violation of the law and has no control over the manner in which the vehicle is driven is void as against public policy. We do not agree.

" 'The public policy of this state is created by our Constitution, laws and judicial decisions.' [Cit.]" *Brock v. Guaranty Trust Life Ins. Co.*, 175 Ga. App. 275, 277 (2) (333 SE2d 158) (1985). We find no established public policy impediment, by way of Constitution or statute or case law, to an insurer applying the exclusion in issue here. See id. Unlike the automobile insurance policy at issue in *Cotton States Mut. Ins. Co. v. Neese*, 254 Ga. 335 (329 SE2d 136) (1985), cited by appellant, the parameters of the instant policy are not prescribed by compulsory motor vehicle insurance statutes. The policy issued by appellee is a limited one designed to provide certain coverage to students engaged in school activities, and there is no requirement that the coverage desired by appellant be provided. Accordingly, we affirm the decision of the trial court.

*Judgment affirmed. Carley, C. J., and Deen, P. J., concur.*

Decided February 9, 1989 —
Rehearing denied February 27, 1989 —

Hatcher, Johnson & Meaney, Ross L. Hatcher III, for appellant.
Douglas M. Campbell, for appellee.