A93A1694. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY v. KEPHART.
(439 SE2d 682)

SMITH, Judge.

Georgia Farm Bureau Mutual Insurance Company denied June Kephart's claim under a homeowners' insurance policy when a house and garage in which she claimed a 50 percent interest were destroyed by fire. She filed suit, seeking to recover certain proceeds, a penalty for bad faith, and attorney fees and costs. The insurer answered, raising various defenses including lack of coverage because of Kephart's misrepresentations, her lack of an insurable interest in the property, and her failure to comply with material conditions of the policy. A jury returned a verdict in favor of Kephart in the form of special interrogatories. Judgment was entered on the verdict, and the insurer appeals.

The evidence established that Kephart and her then-husband, Walter, bought the property in issue on John Smith Road in Union

County at the beginning of 1989. It was titled in both their names. Kephart arranged for homeowners' insurance, and the policy was issued by Georgia Farm Bureau to Kephart and Walter jointly. In December 1989, when it was apparent that her marriage was foundering, Kephart instructed the insurer, through its agent, to remove Walter's name from the policy. The testimony of both Kephart and Walter indicated that this change was part of a larger agreement, never finalized or consummated, under which Kephart was to retain the house. Instead, in March 1990, Walter and his girl friend moved into the house to await the birth of their child. Kephart left and, with her son, went to stay in her mother's mobile home in Andrews, North Carolina. She and her son took their clothing and personal papers and a few pieces of furniture from the house, but because she was unable to store them at her mother's home, she left most of the furnishings and effects. Walter and his girl friend continued to occupy the house.

In September 1990, Kephart filed an action for divorce. The final decree, incorporating a settlement agreement, was entered on October 31, 1990. The house and garage were destroyed by fire on November 30, 1990. It is undisputed that during the applicable time period, only Kephart was named insured in the policy.

1. The insurer contends that because it is clear that Kephart did not reside in or, at the very least, did not reside exclusively in, the residence premises at the time of the loss, no coverage existed under the policy, because exclusive residence in the "residence premises" was required by the terms of the policy.

(a) The policy recites that it covers "the dwelling on the residence premises shown in the Declarations, including structures attached to the dwelling. . . ." "Residence premises" is defined in the policy as "a. the one family dwelling, other structures, and grounds; or b. that part of any other building; where you reside and which is shown as the 'residence premises' in the Declarations." The premises shown in the declarations is the house on John Smith Road in Union County. Finally, in a paragraph captioned "special provisions" the policy requires, inter alia, that unless noted as an exception in the declarations, "the residence premises [must be] the only premises where the named insured or spouse maintains a residence other than business or farm properties." No exceptions are noted on the declarations page.

No construction of an insurance contract is required or even permissible when the language is plain, unambiguous, and capable of only one reasonable interpretation. Like any other contract, an insurance policy must be construed according to its plain language and express terms. *Giles v. Nationwide Mut. Fire Ins. Co.*, 199 Ga. App. 483, 484 (1) (405 SE2d 112) (1991). Giving the language of the policy in issue its plain and ordinary meaning, it requires that the named

insured live in the residence listed on the declarations page and that the listed residence be the named insured's only residence.

(b) The existence of those requirements was undoubtedly the reason for the first interrogatory in the special verdict form, requiring the jury to answer the question: "Did June Kephart reside in the premises described on the policy declarations page at the time of the fire loss?" The jury answered affirmatively. We agree with Georgia Farm Bureau that this answer was not authorized by the evidence.

The separation agreement incorporated into the Kepharts' final decree of divorce provided that "the Husband is to keep the marital abode and its present furnishings." Kephart testified unequivocally that she never lived at the marital home after she left in March 1990. She opened her testimony by giving her present address as Andrews, North Carolina, and stated that she had lived there since March 1990. On cross-examination, she was asked: "Isn't it true that from March of 1990 up to and including the time that this house that's in issue burned, that you did not reside at that house?" She replied: "That's true." Both Kephart and her ex-husband testified that despite the language in the agreement awarding him the "present furnishings," it was their mutual understanding that Kephart was welcome to "come back and get whatever [household goods] she needed." Regardless of the import of this language on any equitable interest Kephart might claim in the household furnishings, the understanding established by this testimony is completely consistent with, and supportive of, a finding that after March 1990, Kephart did not reside in the premises on John Smith Road. Moreover, Kephart has pointed to no evidence in the record supporting a finding that she lived at the premises described in the policy at the time of the fire.

(c) Because the evidence established that Kephart did not live at the house on John Smith Road at the time of the fire, and the policy unambiguously required her, as named insured, to live at the "residence premises" in order for coverage to be effective, no coverage existed for Kephart's claim. See *Epps v. Nicholson*, 187 Ga. App. 246, 247 (1) (370 SE2d 13) (1988) (construing similar policy condition as resulting in no coverage because named insured did not live at residence premises); see also *Schroeder v. Ga. Farm &c. Ins. Co.*, 211 Ga. App. 302 (439 SE2d 18) (1993).

*Ga. Farm &c. Ins. Co. v. Brown*, 260 Ga. 160 (390 SE2d 586) (1990), relied upon by appellee, does not require a different result. In *Brown*, the insurer contended that because the property insurance policy included a "change of interest" clause, no coverage existed because the property in issue had been conveyed by the named insured for a short time in an effort to conceal assets prior to an anticipated divorce. The relevant clause provided that the policy would be "null and void in case of any change in interest, title or possession." At the

time of the loss, however, the property had been reconveyed. The Supreme Court held that "because the property covered by [the] policy had been reconveyed to the insured prior to the loss, and there was no evidence that the conveyance had in any way contributed to the loss, coverage was not terminated by the change in interest clause of the policy. [Cit.]" Id. at 162. That, of course, is the crucial difference between *Brown* and this case. In *Brown,* no loss occurred while the insured was in violation of the terms of the policy. "Had a loss eventuated from or during the existence of the increased risk [created by the violation of the terms of the policy], however, then . . . the policy would have been voided." Id.

In this case, the loss occurred during the time Kephart, the named insured, was not living in the "residence premises." Since the policy covers only the property listed in the declarations and only when the insured resides in those premises exclusively, no coverage was afforded Kephart. This result, although harsh, is the result contracted for by the parties. "When the language of an insurance policy defining the extent of the insurer's liability is unambiguous and capable of but one reasonable construction, the court must expound the contract as made by the parties. [Cit.] Courts have no more right by strained construction to make an insurance policy more beneficial by extending the coverage contracted for than they would have to increase the amount of coverage. [Cit.]" *Burnette v. Ga. Life &c. Ins. Co.,* 190 Ga. App. 485 (1) (379 SE2d 188) (1989).

(d) Because no coverage existed, the entire judgment, awarding Kephart a sum representing the value of the destroyed real and personal property as the proceeds of the policy, plus interest, awarding Kephart attorney fees, and directing the insurer to satisfy and cancel the note and security deed, must be reversed.

2. Our holding in Division 1 renders unnecessary our consideration of Georgia Farm Bureau's remaining enumerations of error.

*Judgment reversed. Beasley, P. J., and Cooper, J., concur specially.*

BEASLEY, Presiding Judge, concurring specially.

As in *Schroeder v. Ga. Farm &c. Ins. Co.,* 211 Ga. App. 302 (439 SE2d 18) (1993), I concur specially. I do so because it is implied in the policy that the Special Conditions, which are the same and are identically placed in this policy, must be adhered to throughout the life of the policy.

The Special Conditions are articulated in the present tense verb form, indicating that they are the circumstances at that point in time at which the parties enter into the contract and the policy is issued. The condition here subject was in fact complied with at that time. There was no express warning that coverage depended on the contin-

ued existence of the conditions, nor is there any specific direction to insured that insurer must be notified of any change in one of the conditions so that the policy could be changed. However, the common law does not require such, and the legislature has not imposed such.

Because insurer agreed, in the first sentence of the policy, only to furnish insurance "for the premium and compliance with all applicable provisions of this policy" and the condition of residency is an applicable provision, there was no coverage when the condition ceased to exist in fact. The policy imposes continuing obligations on both parties, for the life of the contract.

I am authorized to state that Judge Cooper joins in this special concurrence.

DECIDED NOVEMBER 29, 1993 —
RECONSIDERATION DENIED DECEMBER 15, 1993 — 

*Carey, Jarrard & Walker, Christopher J. Walker III*, for appellant.

*Wesley Williams*, for appellee.