## A93A1967. COTTON STATES MUTUAL INSURANCE COMPANY v. SMELCER.
### (441 SE2d 788)

BEASLEY, Presiding Judge.

The issue is whether land which contains a permanently affixed but abandoned structure is "vacant land" for the purposes of coverage under a homeowner's liability policy.

Smelcer owned a home that was insured under a homeowner's policy issued by Cotton States Mutual Insurance Company. He and other family members owned a separate parcel of land approximately two-and-one-fourth to three miles from his home on which was located his maternal family's abandoned old house and an abandoned old country store. During the term of the homeowner's policy, vandals set fire to the abandoned house and a fireman was killed while responding. The deceased fireman's father sued Smelcer and the other property owners to recover damages for the wrongful death of his son. Smelcer claimed coverage under his homeowner's policy, and Cotton States brought this declaratory judgment action to determine whether coverage existed.

The policy provides liability coverage for incidents arising out of premises owned by the insured which come within the definition of "insured location," to wit (in pertinent part), "vacant land, other than farm land, owned by or rented to an insured. . . ." The term "vacant land" is not defined in the policy.

Cotton States moved for summary judgment, contending that because the separate parcel of land contained a house, it clearly was not "vacant land." In opposition, Smelcer by affidavit averred that he understood "vacant land" to mean "unoccupied or unused land." The trial court denied the insurer's motion, concluding that the term "vacant land" was ambiguous and created an issue of fact as to what a reasonable person in the position of the insured would understand it to mean. Interlocutory review was granted.

The applicable principles are settled. " ' "Insurance is a matter of contract, and the language used is to be accorded its general and ordi-

nary meaning, bearing in mind that the contract is to be construed in accordance with the intention and understanding of the parties, and, in construing it, the court can go no further than a fair construction of the language used will permit." (Cit.) " '(I)t is the understanding of the average policyholder which is to be accepted as a court's guide to the meaning of words, with the help of the established rule that ambiguities and uncertainties are to be resolved against the insurance company.' (Cit.)" (Cit.) Interpretation of the provisions of a plain and definite policy of insurance is a matter of law for the courts, and a policy "is not ambiguous even though presenting a question of construction, unless and until an application of the pertinent rules of construction leaves it uncertain as to which of two or more possible meanings represents the true intention of the parties." (Cit.)' [Cit.] ' "It is the function of the court to construe the contract as written and not to make a new contract for the parties (Cit.) . . . . An unambiguous contract will be construed to carry out the literal intent of the parties." (Cit.)' [Cit.] . . . ' "Contracts of insurance, like other contracts(,) are to be construed according to the sense and meaning of the terms which the parties have used, and if they are clear and unambiguous, their terms are to be taken and understood in their plain, ordinary and popular sense. (Cit.)" (Cits.) Dictionaries supply the "plain, ordinary, and popular sense." ' [Cit.]" *Brown v. Peninsular Fire Ins. Co.*, 171 Ga. App. 507, 508 (320 SE2d 208) (1984).

The term "vacant" is readily understood in its plain, ordinary and popular sense. Webster's Third New Intl. Dictionary defines it generally as "to be empty, be free." In *Knight v. U. S. Fidelity &c. Co.*, 123 Ga. App. 833 (182 SE2d 693) (1971), a case involving actions to recover damages for loss under fire insurance policies, this court stated, "[t]he general definition of 'vacant' is that it means empty or deprived of contents or without inanimate objects." Id. at 834-835. *Vaughan v. Vaughan*, 253 Ga. 76 (317 SE2d 201) (1984), an action to quiet title, suggested that land could be improved yet vacant. It is inapposite because the word was used to distinguish "wild" land. It was not used in the context of insurance coverage, which deals with claimed property.

Couch on Insurance 2d, pp. 477-478, § 44:307 states that a homeowner's policy "may further cover 'vacant land' but clearly such coverage does not extend to land containing buildings as 'vacant land' refers to land unoccupied, unused and in the natural state." Such reasoning is sound. Insurance is a matter of risk assessment and risk taking. The presence of an affixed artificial structure on land, unoccupied, substantially alters the liability risk on the land. This case bears tragic witness to that reality.

Many foreign jurisdictions are in accord. *Bianchi v. Westfield Ins. Co.*, 236 Cal. Rptr. 343 (4th Dist. 1987), provides a comprehen-

sive overview of other states' treatment of the question of when land is "vacant" for the purpose of homeowner's insurance coverage. We agree with its summary, that "[t]he beneficial use or improvement of untenanted property renders it nonvacant, particularly if the use has accompanied the introduction of artificial structures." Id. at 346.

In this policy, the word "vacant" modifies the word "land," not "structure." The policy covers *land* which is vacant.

The insurer was entitled to summary judgment because Smelcer's land was not vacant within the meaning of his homeowner's policy.

*Judgment reversed. Cooper and Smith, JJ., concur.*

DECIDED FEBRUARY 22, 1994 —
RECONSIDERATIONS DENIED MARCH 11, 1994 — 

*Parkerson, Shelfer & Connell, William S. Shelfer, Jr.,* for appellant.

*Cathey & Strain, Edward E. Strain III, M. Steven Campbell, McDonald & Cody, Douglas W. McDonald, Sr., P. Gerald Cody, Jr., Barnes, Browning, Tanksley & Casurella, Roy E. Barnes,* for appellee.