A94A0296, A94A0459. HORACE MANN INSURANCE COMPANY
v. DRURY et al.; and vice versa.
(445 SE2d 272)

ANDREWS, Judge.

In Case No. A94A0296, Horace Mann Insurance Company (Mann) appeals from the grant of summary judgment to Drury and the denial of Mann's motion for summary judgment in Mann's declaratory judgment action on the issue of coverage under a homeowner's policy. The trial court determined there was coverage because two exclusions did not apply. In A94A0459, cross-appellant Drury appeals from the grant of Mann's motion to dismiss Drury's cross-claim against Sam O'Steen alleging negligence.

*Case No. A94A0296*

1. The undisputed evidence was that, on August 12, 1991, Drury was a passenger in a car owned by the O'Steen family and insured by Georgia Farm Bureau. The car was being driven by Ben O'Steen, with Sam O'Steen in the front passenger seat and Drury in the rear seat, seated near the center of the car. On the rear floorboard and seat near Drury were two packages of "jumping jack" firecrackers. Each package contained over 500 firecrackers. The front passenger window next to Sam O'Steen was open and the right rear window near Drury was down about two inches.

Sam O'Steen lit one of the firecrackers and threw it out his window. The lighted firecracker reentered the car through Drury's window and caused all the firecrackers to explode, severely burning Drury.[1]

In the Exclusions section of the homeowner's policy applicable "only to personal liability," subsection 2 provides that "[t]his coverage does not apply to liability . . . g. for any act or acts committed by or at the direction of any insured which constitutes *a violation of any criminal law or statute*." (Emphasis supplied.)

Under OCGA § 25-10-2, it "shall be unlawful for any person . . . to use or explode or cause to be exploded, or to possess, . . . , or transport any fireworks. . . ." OCGA § 25-10-8 provides that any person violating the chapter "shall be guilty of a misdemeanor."

---

[1] Drury's claim against Georgia Farm Bureau was settled and plays no part in our consideration of the claim against the homeowner's policy.

Drury argued below, based primarily upon dictionary definitions and foreign authority, that the term "criminal law or statute" is ambiguous because not specifically defined in the policy and should be construed as most lay persons would understand it, i.e., to mean only felonies of a serious nature, like robbery and murder.

" ' "Contracts of insurance, like other contracts(,) are to be construed according to the sense and meaning of the terms which the parties have used, and if they are clear and unambiguous, their terms are to be taken and understood in their plain, ordinary, and popular sense. (Cit.)" (Cits.) Dictionaries supply "the plain, ordinary and popular sense." ' [Cit.]" *Brown v. Peninsular Fire Ins. Co.*, 171 Ga. App. 507, 508 (320 SE2d 208) (1984), quoted in *Cotton States Mut. Ins. Co. v. Smelcer*, 212 Ga. App. 376 (441 SE2d 788) (1994).

Webster's Third Int'l Dictionary (1976 ed.), defines "crime" as "an act or the commission of an act that is forbidden or the omission of a duty that is commanded by a public law of a sovereign state to the injury of the public welfare and that makes the offender liable to punishment by that law in a proceeding brought against him by the state by indictment, information, complaint, or similar criminal procedure: an offense against public law (as a misdemeanor, felony, or act of treason) providing a penalty against the offender but not including a petty violation of municipal regulation."

Georgia law has historically recognized this understanding of "crime" as not generally including violations of municipal ordinances and administrative regulations, but including all other violations of penal statutes, including misdemeanors. OCGA § 16-2-1; see *Turner v. State*, 233 Ga. 538 (212 SE2d 370) (1975).

" 'When the language of an insurance policy defining the extent of the insurer's liability is unambiguous and capable of but one reasonable construction, the court must expound the contract as made by the parties. [Cit.]' *Burnette v. Ga. Life &c. Ins. Co.*, 190 Ga. App. 485 (1) (379 SE2d 188) (1989)." *Martin v. Cotton States Mut. Ins. Co.*, 210 Ga. App. 32, 33 (435 SE2d 258) (1993). Here, the exclusion in this homeowner's policy of coverage of acts of an insured which constitute a violation "of any criminal law or statute" can only reasonably be read to exclude injuries caused by illegal possession of firecrackers. See *Stinson v. Allstate Ins. Co.*, 212 Ga. App. 179 (441 SE2d 453) (exclusion of coverage of injuries "which may reasonably be expected to result from the intentional or criminal acts of an insured person" found unambiguous and to be judged by the "reasonable man" objective standard); *Jefferson Pilot Life Ins. Co. v. Clark*, 202 Ga. App. 385 (414 SE2d 521) (1991).

"Courts have no more right by strained construction to make an insurance policy more beneficial by extending the coverage contracted for than they would have to increase the amount of coverage. [Cit.]"

*Burnette*, supra.

2. We also conclude that this exclusion is not in violation of the public policy of this state, as argued by Drury below.

" ' "The public policy of this state is created by our Constitution, laws and judicial decisions." [Cit.]' *Brock v. Guaranty Trust Life Ins. Co.*, 175 Ga. App. 275, 277 (2) (333 SE2d 158) (1985). We find no established public policy impediment, by way of Constitution or statute or case law, to an insurer applying the exclusion in issue here. . . . Unlike the automobile insurance policy at issue in *Cotton States Mut. Ins. Co. v. Neese*, 254 Ga. 335 (329 SE2d 136) (1985), cited by [appellee Drury], the parameters of the instant policy are not prescribed by compulsory motor vehicle insurance statutes." *Burnette*, supra at 486 (2). Here, the policy involved is a homeowner's policy not mandated by law. Compare *Jefferson Pilot*, supra at 389 (2) with *Auto-Owners Ins. Co. v. Jackson*, 211 Ga. App. 613, 614 (440 SE2d 242) (1994).

3. In light of our holding, supra, we need not consider the applicability of the "use of motor vehicle" exclusion.

## Case No. A94A0459

In this case, Drury appeals the trial court's granting of the motion by Mann to dismiss Drury's negligence cross-claim against Mann's insured, Sam O'Steen. The insured O'Steens took the position below and here that they "stand neutral" in the litigation.

4. Pursuant to OCGA § 9-11-12 (a), no answer is required to be filed to a cross-claim and it automatically stands denied. Therefore, even though the O'Steens stand neutral, the cross-claim by Drury against them is legally denied. Drury opposed the motion to dismiss his cross-claim.

Pretermitting the validity of Mann's legal argument premised on *Colonial Penn Ins. Co. v. Hart*, 162 Ga. App. 333, 337 (6) (291 SE2d 410) (1982), we note a critical factual difference between that case and the present one. There, the defendant in cross-claim was the party making the motion to dismiss for failure to state a claim. Here, Mann, which is not a party to the underlying tort suit, was the one making the motion to dismiss.

Therefore, we conclude that Mann had no standing regarding the issues raised in the cross-claim and no basis upon which to have it dismissed. See *Mgmt. Compensation Group/Southeast v. United Security &c.*, 194 Ga. App. 99, 103 (3) (389 SE2d 525) (1989).

*Judgments reversed in Case Nos. A94A0296 and A94A0459. Beasley, P. J., and Johnson, J., concur.*

DECIDED MAY 12, 1994 —
RECONSIDERATION DENIED MAY 27, 1994 — 

*Buzzell & Pinkston, R. William Buzzell II, Loretta L. Pinkston,* for appellant.

*Pursley, Howell, Lowery & Meeks, R. Harold Meeks, Jr., Preston & Preston, Robert H. Preston, Martin, Snow, Grant & Napier, Robert R. Gunn II,* for appellees.