A94A2363. NOAKES v. ATLANTA CASUALTY COMPANIES.

(450 SE2d 861)

BIRDSONG, Presiding Judge.

Appellant Steven Lee Noakes filed suit against Maxine Thorpe and Allen Thorpe for injuries received while Noakes was a passenger in a Jeep driven by Allen Thorpe, who was an insured person under Maxine Thorpe's automobile insurance policy. The insurer, Atlanta Casualty Company, refused to defend the lawsuit or pay the judgment, contending that Maxine Thorpe did not, as the policy requires, "ask us to insure [the vehicle] within thirty days after [she became] the owner and pay an additional premium if requested by [us]."

When Maxine Thorpe bought the Jeep from an individual on February 21, 1991, it was not operational. She says she did not want to notify the insurer and pay a premium until she determined whether her husband could repair the Jeep. The accident occurred on or about March 28, 1991, when Allen Thorpe took appellant Noakes on a test ride in the Jeep. This appeal is from a grant of summary judgment to Atlanta Casualty Company on the issue of coverage. *Held*:

Maxine Thorpe contends she did not "[become] the owner" of the vehicle when she acquired it on February 21, 1991, because it was not operational. She further argues she did not become the owner until the State of Georgia issued a certificate of title on March 26, 1991,

because OCGA § 40-3-32 (d) provides that "as between the parties, a transfer by an owner is not effective until [the provisions of this Section] have been complied with." Paragraph (a) of that statute requires that an owner transferring his interest in a vehicle "shall, at the time of delivery of the vehicle, execute an assignment and warranty of title to the transferee in the space provided therefor on the certificate of title . . . and cause the certificate and assignment to be delivered to the transferee"; Thorpe contends this means the transfer was effective only "as between the parties [to the sale]" (id. at (d)), and not as to a third party such as appellant Noakes.

We reject these contentions. Whether and when the vehicle was considered by any person to be "operational" is not a condition of the policy. The key to coverage under the policy was the date Thorpe became the owner, not the date the car came into service as a means of transportation. See *Lumbermens Mut. Cas. Co. v. Commercial Union Assurance Co.*, 155 Ga. App. 908 (273 SE2d 649).

The full pertinent provisions of OCGA § 40-3-32 (d) are that "*as between the parties*, a transfer by an owner is not effective until this Code section . . . [has] been complied with; and no purchaser or transferee shall acquire any right, title, or interest in and to a vehicle purchased by him unless and until he shall obtain *from the transferor* the certificate of title thereto, duly transferred in accordance with this Code section." (Emphasis supplied.) This Code section means that "as between the parties" (buyer and seller) the transfer is not effective unless and until the buyer obtains "from the transferor" the certificate of title. Maxine Thorpe got a certificate of title *from the transferor* on February 21, 1991. Moreover, the dispute in this suit is not "between the parties" to the sale. See *American Mut. Fire Ins. Co. v. Cotton States Mut. Ins. Co.*, 149 Ga. App. 280 (253 SE2d 825).

Further, the "Certificate of Title" issued by the State of Georgia shows registration of the certificate of title already transferred by the seller. It is a statutory method of proving ownership but it is not the only proof of ownership (see *Hightower v. Berlin*, 129 Ga. App. 246 (199 SE2d 335); and see OCGA § 11-2-401 (2)), and it is not the sole determinant of ownership. The plain terms of the insurance policy concerning when the insured "becomes the owner" must be given their ordinary significance. *Horace Mann Ins. Co. v. Drury*, 213 Ga. App. 321, 322 (445 SE2d 272); OCGA § 13-2-3. No genuine issue of material fact remains that Maxine Thorpe "became the owner" of the Jeep on February 21, 1991; she did not within 30 days ask appellee to insure it and pay an additional premium as required by the policy. Viewing the evidence and all reasonable inferences therefrom in the light most favorable to the respondent, we find the trial court correctly found no genuine issue of material fact exists to submit to a jury. See *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474); OCGA

§ 9-11-56.
*Judgment affirmed. Blackburn and Ruffin, JJ., concur.*

DECIDED DECEMBER 1, 1994.

*John E. Pirkle,* for appellant.
*Brennan, Harris & Rominger, Richard A. Rominger, Julie D. Majer, Gabrielle M. Mann,* for appellee.