S95G0639. ROLAND v. GEORGIA FARM BUREAU MUTUAL
INSURANCE COMPANY.
(462 SE2d 623)

THOMPSON, Justice.

We granted certiorari to the Court of Appeals to determine whether a homeowner's insurance policy issued by appellee Georgia Farm Bureau Mutual Insurance Company (GFB) required Frances Roland, a named insured, to live at the "residence premises" at the time of the loss in order to be compensated for her claim. We conclude that it did not and reverse, in part, the judgment of the Court of Appeals in *Ga. Farm Bureau Mut. Ins. Co. v. Roland,* 215 Ga. App. 834 (452 SE2d 548) (1994).

Frances and Charles Roland, wife and husband, were both named insureds under the policy which covered their marital home against fire loss from June 13, 1990 to June 13, 1991. Both had resided at the insured residence until October 1990, when the couple separated and Frances moved out of state. Charles continued to occupy the residence. The house was destroyed by fire on March 1, 1991. On March 12, 1991, the Rolands' marriage was terminated pursuant to the entry of a final judgment of divorce.

The policy contains a "special provision" stating that "the residence premises is the only premises where the named insured or spouse maintains a residence other than business or farm properties." GFB denied Frances' claim for coverage on the ground that the policy required her, as a named insured, to live at the insured premises at all times in order for coverage to be effective.[1]

The Rolands brought separate suits for payment of their claims,

---

[1] Charles' claim was also denied, but for other reasons not before this Court.

which were joined by order of the trial court. GFB unsuccessfully moved for summary judgment with respect to Frances' claim on the basis that coverage was voided because she did not reside in the house at the time of the loss. At trial, the court directed a verdict in favor of Frances on the issue of liability, and denied GFB's motion for directed verdict on the issue of bad faith penalties and attorney fees. The jury returned a verdict for both Frances and Charles for the insured value of the house and its contents. Both plaintiffs were awarded attorney fees, and a bad faith penalty for refusal to pay Frances' claim was assessed against GFB.

The Court of Appeals reversed, finding that GFB was entitled as a matter of law to refuse coverage to Frances based on her failure to reside at the insured premises. It also reversed the denial of GFB's motion for directed verdict on the issue of bad faith attorney fees.[2]

1. When a contract is unambiguous and capable of only one reasonable interpretation, it is a matter for the court. OCGA § 13-2-1; *Carsello v. Touchton*, 231 Ga. 878 (1) (204 SE2d 589) (1974). An unambiguous contract is properly subject to summary disposition. *Castellana v. Conyers Toyota*, 200 Ga. App. 161 (407 SE2d 64) (1991). GFB acknowledges that the loss occurred during the term of the policy and that the Roland home is the "residence premises" described in the declarations page. It submits, however, that coverage as to Frances terminated when she relocated to Florida.

The Court of Appeals agreed, basing its decision on *Ga. Farm Bureau Mut. Ins. Co. v. Kephart*, 211 Ga. App. 423 (439 SE2d 682) (1993). Although the identical special provision was at issue in *Kephart*, the case is factually dissimilar and does not control. Mrs. Kephart and her husband had divorced one month prior to a fire which damaged the insured premises. At the time of the loss, Mrs. Kephart was the sole named insured under the policy. Coverage was properly denied under the special provision requiring residency because the named insured (Mrs. Kephart) no longer resided in the house, and although Mr. Kephart continued to live there, he was no longer her spouse at the time of the loss. The plain language of the GFB policy unambiguously requires that "the named insured or spouse" live at the insured premises in order to maintain coverage under the policy.

Charles Roland was both a named insured and the spouse of a named insured at the time of the loss. Based on the policy language, Frances could have reasonably anticipated that her coverage continued while she or Charles lived in the house during the pendency of

---

[2] The judgment as to Charles Roland was also reversed by the Court of Appeals. His application for writ of certiorari was denied by this Court.

their marriage.[3] A contract of insurance should be strictly construed against the insurer and read in favor of coverage in accordance with the reasonable expectations of the insured. *Cincinnati Ins. Co. v. Davis*, 153 Ga. App. 291 (265 SE2d 102) (1980). The contract at issue unambiguously covered Frances' claim. To rule otherwise would place an untenable and inequitable burden on a named insured who has an equitable and insurable interest in the marital property, has paid premiums to insure that property, but finds that coverage voided simply because he or she elects to live apart from a spouse for a period of time due to the uncertainties of a precarious marriage. The trial court was correct in directing a verdict as to liability in favor of Frances.

2. We agree that the trial court erred in failing to direct a verdict in favor of GFB with respect to Frances' claim for the imposition of bad faith penalties and attorney fees under OCGA § 33-4-6. GFB's refusal to pay was neither frivolous nor unfounded, but was based on a doubtful question of law. See generally *Interstate Life &c. Co. v. Williamson*, 220 Ga. 323 (138 SE2d 668) (1964). Where, as here, the insurer has reasonable grounds to contest the claim, it cannot be held liable for a penalty based on bad faith refusal to pay or for attorney fees. *Rice v. State Farm Fire &c. Co.*, 208 Ga. App. 166 (1) (430 SE2d 75) (1993).

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED OCTOBER 23, 1995.

*Sabiston & Smith, E. Paul Sabiston, Duard R. McDonald*, for appellant.
*Watson & Dana, Dennis D. Watson*, for appellee.

---

[3] Because the policy unambiguously provides coverage under the circumstances, we do not reach the question of whether the special residency provision deviates from the Standard Fire Policy prescribed by the Insurance Commissioner of Georgia pursuant to OCGA § 33-32-1. Subsection (a) mandates that fire insurance policies contain "language at least as favorable to the insured as the applicable portions of the standard fire policy . . . ." See generally *Fireman's Fund v. Dean*, 212 Ga. App. 262 (441 SE2d 436) (1994) (fraud provision of fire insurance policy must conform with the minimum coverage provided in the standard fire policy).

The Standard Fire Policy prescribed by the Commissioner, as it relates to "conditions suspending or restricting insurance," provides:

Unless otherwise provided in writing added hereto this Company shall not be liable for loss occurring (a) while the hazard is increased . . .; or (b) while a building . . . is vacant or unoccupied beyond a period of sixty consecutive days . . . .

Rules of Comptroller General, Insurance Department, Property Insurance Regulations, Chapter 120-2-19-.01, p. 283.