A01A0803. COLLIER v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.
(549 SE2d 810)

BARNES, Judge.

Rachel A. Collier appeals the grant of summary judgment to State Farm Mutual Automobile Insurance Company. Collier sued State Farm, her insurer, after the company refused to pay her claim

for the loss of her automobile. After discovery, State Farm moved for summary judgment, contending that the theft loss and sales agreement exclusions in her policy precluded recovery. Collier contended the exclusions were ambiguous, they did not apply because no sales agreement existed, and she owned the car at the time of the loss. After the trial court granted State Farm's motion, Collier filed this appeal.

She contends the trial court erred by granting State Farm's motion because the theft loss and sales agreement exclusions in her policy applicable to her loss are ambiguous and do not apply to her loss. She further contends that the trial court erred by finding implicitly that the loss occurred after she no longer owned the car. Because the trial court granted summary judgment without explanation, we cannot determine on which ground asserted by State Farm the court relied or whether the trial court reached the implied conclusions that Collier asserts.

1. The standards applicable to motions for summary judgment are announced in *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). When ruling on a motion for summary judgment, the court should give the party opposing the motion the benefit of all reasonable doubt, and the court should construe the evidence and all inferences and conclusions therefrom most favorably toward the opposing party. *Moore v. Goldome Credit Corp.*, 187 Ga. App. 594, 595-596 (5) (370 SE2d 843) (1988). When reviewing the grant or denial of a motion for summary judgment, this court conducts a de novo review of the law and the evidence. *Desai v. Silver Dollar City*, 229 Ga. App. 160, 163 (1) (493 SE2d 540) (1997).

2. In this state, "[i]nsurance contracts are governed by the rules of construction applicable to other contracts, and words in the policy must be given their usual and common signification and customary meaning." (Citations omitted.) *Canal Ins. Co. v. Wilkes Supply Co.*, 203 Ga. App. 35, 36-37 (2) (416 SE2d 105) (1992). "[C]onstruction of a contract is a question of law for the court. Where any matter of fact is involved, the jury should find the fact." OCGA § 13-2-1. Further, whether a contract is ambiguous is a question of law for the court (*Capital Ford &c. v. U. S. Fire Ins. Co.*, 180 Ga. App. 413, 417-418 (1) (349 SE2d 201) (1986), rev'd on other grounds, 257 Ga. 77 (355 SE2d 428) (1987)), and insurance policies are construed in favor of the insured and against the insurance company. *Claussen v. Aetna Cas. &c. Co.*, 259 Ga. 333, 334-335 (380 SE2d 686) (1989).

3. Viewing the evidence in Collier's favor and giving her the benefit of all inferences, conclusions, and reasonable doubts, the evidence shows that she owned a 240SX Nissan automobile that was insured under a State Farm automobile insurance policy. Collier traded this car as part of the purchase price of a Lincoln Continental

in a transaction initiated by her next-door neighbor and friend, Rick Tinley.

Tinley said that all Collier had to do was trade her car by signing the power of attorney on the title and give him $480 as a down payment, pay an additional $5,000, and she could then drive the Lincoln. Her Nissan was to be sold, the existing loan on the Nissan paid off, and the balance applied to what she owed on the Lincoln. She made one $2,500 payment on the new car but then made no further payments because she learned the Lincoln was stolen. She never saw her Nissan again. Collier became concerned about the transaction when she did not receive the paperwork on the Lincoln and had to continue driving around on dealer plates. When Collier's husband received the paperwork, it did not look right. After he discussed the matter with a friend in the automobile business, Collier's husband called the police, and the police discovered that cars in Tinley's driveway were stolen. About this time, Collier learned that the Lincoln was stolen and made her claim against State Farm under her comprehensive coverage. In her policy, that is coverage "D."

The State Farm insurance policy covering the Nissan contained the following provisions: "When Coverages D, F, G, H, R, and R1 Do Not Apply THERE IS NO COVERAGE FOR: . . . 3. *LOSS* TO ANY VEHICLE DUE TO: . . . d. CONVERSION, EMBEZZLEMENT OR SECRETION BY ANY *PERSON* WHO HAS THE VEHICLE DUE TO ANY LIEN, RENTAL OR SALES AGREEMENT." (Emphasis supplied.)

Although Collier contends the exclusion is ambiguous because of the heading, "When Coverages D, F, G, H, R, and R1 Do Not Apply," we find no ambiguity here. "[An ambiguity] is duplicity, indistinctness, an uncertainty of meaning or expression." (Punctuation omitted.) *Tarbutton v. Duggan*, 45 Ga. App. 31, hn. 5 (163 SE 298) (1932). Thus, a word or phrase is ambiguous "when it is of uncertain meaning and may be fairly understood in more ways than one." (Citation and punctuation omitted.) *Kusuma v. Metametrix*, 191 Ga. App. 255, 256 (2) (381 SE2d 322) (1989). As the words in this exclusion are plain and obvious, however, we must give them their literal meaning. *U. S. Fire Ins. Co. v. Capital Ford &c.*, supra, 257 Ga. at 79. Giving this heading its literal meaning, it is easily understood as a heading for a section of the policy outlining the conditions under which the coverages specified do not apply. Collier's argument that the exclusions apply only when those coverages do not apply is forced and an unreasonable reading of the policy.

> When the language of an insurance policy defining the extent of the insurer's liability is unambiguous and capable of but one reasonable construction, the court must expound

the contract as made by the parties. Courts have no more right by strained construction to make an insurance policy more beneficial by extending the coverage contracted for than they would have to increase the amount of coverage. [Cits.]

*Burnette v. Ga. Life &c. Ins. Co.*, 190 Ga. App. 485 (1) (379 SE2d 188) (1989).

The evidence in this case shows that Collier delivered her Nissan to Tinley as part of the agreement through which Tinley would sell and she would buy the Lincoln. Giving the words "sales agreement" their usual and common meaning (OCGA § 13-2-2), the agreement between Collier and Tinley was a sales agreement. As no question exists but that Tinley gained possession of the car through that agreement and then embezzled or converted the car and the proceeds, policy provision (3) (d), excluding coverage for any loss due to conversion, embezzlement, or secretion by any person who has the vehicle due to any sales agreement, precludes coverage for Collier's loss.

As this exclusion alone warrants the grant of summary judgment to State Farm, we need not consider the other exclusion or the claim that the trial court made erroneous implied findings. On appeal, a grant of summary judgment will be affirmed if it is right for any reason. *Malaga Mgmt. Co. v. John Deere Co.*, 208 Ga. App. 764, 767 (5) (431 SE2d 746) (1993).

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED JUNE 5, 2001.

*Benny M. Martin*, for appellant.

*Harper, Waldon & Craig, Hilliard V. Castilla, Trevor G. Hiestand*, for appellee.