A04A0131. SMITH et al. v. ALLSTATE INSURANCE COMPANY.
(603 SE2d 302)

BARNES, Judge.

Arnel and Robert Smith sued Allstate Insurance Company, James Nathaniel, and Hartford Casualty Insurance Company individually and as next friend of their three children, who were injured when the car in which they were passengers collided with a truck driven by Nathaniel. The truck was insured by Allstate, and the Smiths sought a declaratory judgment seeking to authorize the stacking of two Allstate policies.[1] The trial court granted summary judgment to Allstate, holding that Nathaniel had only one insurance policy, and therefore coverage could not be stacked. The Smiths appeal, and for the reasons that follow, we affirm.

Nathaniel owned seven vehicles, all of which Allstate insured. He received two separate declarations pages, one listing four vehicles and one listing three more vehicles. The first declarations page included the following "Important Notice: Just a reminder — our Policy Declarations can accommodate up to four vehicles. Because you have more than four, you'll soon receive one or more additional Allstate Policy Declarations, if you haven't received them already. For your convenience, the premiums for all policy numbers will be on one bill." With the second declarations page, Allstate included a cover letter which read as follows:

---

[1] Nathaniel's coverage under the Hartford Casualty policy is addressed in a separate opinion. *Hartford Cas. Ins. Co. v. Smith*, 268 Ga. App. 224 (603 SE2d 298) (2004).

Enclosed is a second Allstate Policy Declarations that lists vehicles you own in addition to those listed in your first Policy Declarations. . . . I'd like to take just a moment to explain why you're receiving another Allstate Policy Declarations. Each of our Policy Declarations lists a maximum of four vehicles — this helps us provide faster and more efficient service to our customers when they renew their policies, make payments, or make requests. Because you have more than four vehicles to protect, you have two sets of Policy Declarations with two policy numbers. In effect, you have one policy with two policy numbers. Coverage for all of your vehicles will renew on the same date, and you'll find both of your policy numbers — as well as your coverages and their costs — listed on your Policy Declarations. And you will receive one bill . . . for all vehicles.

The insurance policy itself includes the following language:

The limits shown on the declarations page are the maximum we will pay for any single auto accident. The limit stated for each person for bodily injury is our total limit of liability for damages because of bodily injury sustained by one person in any single auto accident. Subject to the limit for each person, the limit stated for each accident is our total limit of liability for damages for bodily injury sustained by two or more persons in any single auto accident. . . . The insuring of more than one person or auto under this policy will not increase our liability limits beyond the amount shown for any one auto, even though a separate premium is charged for each auto. The limits also won't be increased if you have other auto insurance policies that apply.

The trial court noted that "[e]ven though Mr. Nathaniel was issued two policy numbers and two declarations pages, they were treated as part of one, single policy for actuarial and rating purposes." The court further held that, "pretermitting whether there are one or two policies, even if the Court were to find that there were two policies, stacking would still not be available. According to the language of the policy that Plaintiffs seek to stack, an insured auto would not include Nathaniel's truck."

In considering whether Nathaniel may stack coverage in this case, we look at the insurance contract as a whole. "In determining the intention of the parties, we must first take into consideration the ordinary and legal meaning of the words employed in the insurance contract[s]. If the terms of the contract[s] are plain and unambiguous, the contract[s] must be enforced as written, so long as [they are]

within the prescribed bounds of the law." (Citations omitted.) *Ryan v. State Farm &c. Ins. Co.*, 261 Ga. 869, 872 (413 SE2d 705) (1992). "No construction is required or even permissible when the language employed by the parties in the contract[s] is plain, unambiguous and capable of only one reasonable interpretation." (Punctuation and footnote omitted.) *Tucker Materials v. Devito Contracting & Supply*, 245 Ga. App. 309, 310 (535 SE2d 858) (2000). In this case, Allstate could not have made it plainer that it was issuing one contract, albeit in two sections, and that its insured was entitled to only one payout of $100,000. The trial court did not err in granting summary judgment to Allstate.

*Judgment affirmed. Blackburn, P. J., and Mikell, J., concur.*

DECIDED JUNE 14, 2004.

*Duffy & Feemster, Dwight T. Feemster, Matthew M. Bush*, for appellants.

*Callaway, Braun, Riddle & Hughes, R. Kran Riddle*, for appellee.