A06A1371. VARSALONA et al. v. AUTO-OWNERS INSURANCE COMPANY.

(637 SE2d 64)

ANDREWS, Presiding Judge.

Elaine and Rocky Varsalona sued their insurer, Auto-Owners Insurance Company, alleging that Auto-Owners breached the terms of a homeowners insurance policy by refusing to pay for property damage to a residence covered by the policy. The trial court granted summary judgment in favor of Auto-Owners on the basis that the residence was not covered by the policy because the Varsalonas never used it as their residence. For the following reasons, we affirm.

On October 31, 2002, the Varsalonas bought a residence located at 2276 Turtle Landing in Marietta. The Varsalonas allege that in February 2003, the residence suffered damage covered by an Auto-Owners insurance policy when a portion of the slab collapsed under the residence. At the closing on the residence, the Varsalonas bought a "Homeowners Insurance Policy" from Auto-Owners which shows on the policy declarations page that the Varsalonas are the insureds and that the "residence premises" insured by the policy is located at 2276 Turtle Landing in Marietta. The policy provides that "[i]nsured premises means . . . the residence premises . . . any structures or grounds you use in connection with your residence premises . . . [and] any other premises you acquire during the policy term and which you intend to use as a residence premises."[1] The policy further defines "residence premises" to mean "the one or two family dwelling where you reside, including the building, the grounds and other structures on the grounds . . . [or] that part of any other building where you reside, including grounds and structures . . . which is described in the Declarations." Finally, under the section of the policy related to "Property Protection . . . Coverage A - Dwelling" the policy provides that: "We cover . . . your dwelling located at the residence premises including structures attached to that dwelling. This dwelling must be used principally as your private residence."

---

[1] References in the policy to "you" or "your" mean the insureds named on the declarations page.

The Varsalonas concede that, after buying the residence, they never lived there or used it as their residence. According to the Varsalonas, when they bought the residence at 2276 Turtle Landing, they intended to sell the residence they were living in and use the residence at 2276 Turtle Landing as a temporary residence until they could build a permanent residence. When the residence they were living in did not sell quickly, the Varsalonas changed their minds and decided not to reside at 2276 Turtle Landing. Instead, in early 2003, their daughter and grandchild moved into the residence at 2276 Turtle Landing and were living there when the damage was discovered in February 2003.

The Auto-Owners policy provides that, for coverage to apply to the residence premises located at 2276 Turtle Landing, the dwelling located there must be used as the insureds' residence. Despite never using the Turtle Landing property as their residence, the Varsalonas contend that the policy provided coverage because they intended to use the property as their residence when they bought it, and the policy states in part that the "insured premises" means "any other premises you acquire during the policy term and which you intend to use as a residence premises." In conjunction with this language, they also contend that coverage is provided under the property protection section of the policy stating that "[w]e cover . . . other structures which you own and you use in connection with the residence premises that are located at an insured premises other than the residence premises." We find no merit to these contentions. The policy clearly states that the "insured premises" means "the residence premises," and the location of "the residence premises" when the policy term commenced on October 31, 2002, was 2276 Turtle Landing. It follows that the reference to "any other premises you acquire during the policy term and which you intend to use as a residence premises" does not refer to "the residence premises" at the commencement of the policy term. It also follows that coverage for "other structures . . . located at an insured premises other than the residence premises" does not refer to the residence premises located at 2276 Turtle Landing.

The ordinary rules of contract construction apply to determine the intent of the parties with respect to the insurance contract at issue. *Boardman Petroleum v. Federated Mut. Ins. Co.*, 269 Ga. 326, 327 (498 SE2d 492) (1998). This generally presents a question of law for the court unless language in the policy creates an ambiguity that cannot be resolved by the rules of construction. *Collier v. State Farm &c. Ins. Co.*, 249 Ga. App. 865, 866 (549 SE2d 810) (2001). "No construction of an insurance contract is required or even permissible when the language is plain, unambiguous, and capable of only one

reasonable interpretation." *Ga. Farm &c. Ins. Co. v. Kephart*, 211 Ga. App. 423, 424 (439 SE2d 682) (1993).

> When the language of an insurance policy defining the extent of the insurer's liability is unambiguous and capable of but one reasonable construction, the courts must expound the contract as made by the parties. Courts have no more right by strained construction to make an insurance policy more beneficial by extending the coverage contracted for than they would have to increase the amount of coverage.

(Citation and punctuation omitted.) *Southern Fire & Cas. Co. v. Jamerson*, 223 Ga. App. 582, 583 (479 SE2d 404) (1996). An insurance company may, by the terms of its policy, insure against certain risks and exclude others, so long as the terms are not contrary to Georgia law. *Continental Cas. Co. v. HSI Financial Svcs.*, 266 Ga. 260, 262 (466 SE2d 4) (1996). It is not contrary to Georgia law for an insurer to require by the terms of its policy that the insured reside at the insured premises in order to maintain coverage under the policy. See *Roland v. Ga. Farm &c. Ins. Co.*, 265 Ga. 776 (462 SE2d 623) (1995).

Here, the plain language of the Auto-Owners policy insuring the residence premises located at 2276 Turtle Landing unambiguously required as a condition of coverage that the insureds use the residence premises principally as their private residence. Because it is undisputed that neither insured ever used the property as a residence, the trial court correctly concluded that the policy provided no coverage and that Auto-Owners was entitled to summary judgment. *Epps v. Nicholson*, 187 Ga. App. 246, 247 (370 SE2d 13) (1988); *Kephart*, 211 Ga. App. 423.

*Judgment affirmed. Barnes and Bernes, JJ., concur.*

DECIDED SEPTEMBER 21, 2006.

*Jones & Bell, Lloyd N. Bell*, for appellants.
*Gray, Rust, St. Amand, Moffett & Brieske, Michael D. St. Amand*, for appellee.