**THIRD DIVISION**
**ELLINGTON, P. J.,**
**ANDREWS and RICKMAN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**August 24, 2017**

# In the Court of Appeals of Georgia

A17A1655.  ALLSTATE  PROPERTY  AND  CASUALTY
    INSURANCE COMPANY v. MUSGROVE et al.

ANDREWS, Judge.

After Russell Brent Musgrove, Sr. and Karen Wallace Musgrove ("the Musgroves") were killed in an automobile accident, Russell Brent Mugrove, Jr. and Jeffrey Wade Musgrove ("the plaintiffs") filed a wrongful death suit against the other driver and Allstate Property and Casualty Insurance Property, the Musgroves' insurer. Allstate and the plaintiffs filed cross-motions for summary judgment, and the trial court granted summary judgment to the plaintiffs, finding that the Musgroves had two insurance policies, each of which provided separate uninsured motorist coverage. Allstate appeals, and for the reasons that follow, we reverse.

The Musgroves insured five vehicles with Allstate, under two different policy numbers, 931 390 525 and 985 080 805. They also had additional uninsured motorist ("UM") coverage with limits of $250,000 per person/$500,000 per accident. The UM coverage was charged on policy number 931 390 525. The Musgroves renewed their insurance with Allstate on June 19, 2014, and on October 30, 2014, while policy numbers 931 390 525 and 985 080 805 were in effect, the Musgroves were in the fatal accident. Following the accident, Allstate tendered $250,000 on behalf of each of the Musgroves, for a total of $500,000.

The plaintiffs thereafter filed suit, and Allstate filed a motion for summary judgment, arguing that despite the different policy numbers, the Musgroves had a single automobile policy, with $500,000 in UM coverage, which had already been paid. The plaintiffs also filed a motion for summary judgment, asserting that the Musgroves had two separate policies and each policy had $500,000 in UM coverage, such that they were entitled to an additional $500,000. Following a hearing, the trial court granted summary judgment to the Musgroves. This appeal follows.

"The ordinary rules of contract construction apply to determine the intent of the parties with respect to the insurance contract at issue." *Varsalona v. Auto-Owners Ins. Co.*, 281 Ga. App. 644, 645 (637 SE2d 64) (2006). Generally, this "presents a

question of law for the court unless language in the policy creates an ambiguity that cannot be resolved by the rules of construction." Id. Indeed, "[n]o construction of an insurance contract is required or even permissible when the language is plain, unambiguous, and capable of only one reasonable interpretation." Id. at 645-46 (punctuation omitted).

In a single claim of error, Allstate contends that the trial court erred in finding that the Musgroves had two separate policies, each of which provided $500,000 in UM coverage. We agree.

At the time of the accident, the auto policy declaration for policy number 931 390 525 showed liability coverage for three vehicles, and additional UM coverage in the amount of $250,000 per person/$500,000 per accident. The declaration for policy number 985 080 805 showed liability coverage for two other vehicles. Policy number 985 080 805 also references UM coverage in the same amount, but notes that the premium is "[c]harged on policy number 931 390 525[.]" Thus, despite the two different policy numbers, the policy declarations are unambiguous that the Musgroves had, charged to only one policy (policy number 931 390 525) additional UM coverage in the amount of $250,000 per person/$500,000 per accident. Accordingly,

3

the Musgroves had a total of $500,000 in UM coverage, which Allstate has already tendered.

Even assuming the policy declarations were ambiguous as to whether the Musgroves had purchased one UM coverage endorsement or two, the parol evidence shows that, despite the different policy numbers, there was only a single policy, with a total of $500,000 in UM coverage. See *American Cyanamid Co. v. Ring*, 248 Ga. 673, 674 (286 SE2d 1) (1982) ("While, generally, an ambiguity in a contract may be explained by parol evidence, parol evidence is inadmissible to add to, take from or vary a written contract.") (punctuation omitted); *State Farm Fire & Cas. Co. v. Bauman*, 313 Ga. App. 771, 773-74, (723 SE2d 1) (2012) ("Whether or not an insurance contract contains an ambiguity is a question of law for the court. A word or phrase is ambiguous only when it is of uncertain meaning, and may be fairly understood in more ways than one so that it involves a choice between two or more constructions of the contract.") (citation and punctuation omitted). For example, an Allstate employee submitted an affidavit, in which he averred that Allstate's "computer system allows a maximum of four vehicles to be listed on each policy declarations page" and when Allstate issues a policy for more than four vehicles, its issues a policy number and second multiple record policy number. Allstate conveyed

4

this information in its June 19, 2014 renewal offer for policy number 931 390 525, which stated:

> Please note: our system allows a maximum of four vehicles to be listed on your insurance Policy Declarations. Because you're insuring more than four vehicles, you are receiving more than one automobile Policy Declarations associated with your single Allstate Fire and Casualty Insurance Company policy. Any additional vehicles that you're insuring will be listed on a separate Policy Declarations that we will send to you in a separate mailing, along with any applicable endorsements and Policy Information Cards.
>
> **All your vehicles are insured under one single policy, which means you'll only have one policy effective date and receive only one bill for the coverage of these vehicles**. (Emphasis original.)

And the Musgroves were issued a single bill, with a single premium, which referenced both policy numbers. Notably, this Court has previously considered language similar to that used by Allstate in its June 19 renewal offer and held that "Allstate could not have made it plainer that it was issuing one contract, albeit in two sections," such that the insured was entitled to only one insurance payment. *Smith v. Allstate Ins. Co.*, 268 Ga. App. 229, 230 (603 SE2d 302) (2004) (holding that, where cover letter to policy included language explaining that two declarations were issued

5

because the insureds owned seven vehicles, occupants of vehicle hit by insured could not "stack" liability policies because there was only one policy).[1]

For these reasons, it appears that the trial court erred in granting summary judgment to the plaintiffs and denying summary judgment to Allstate.

*Judgment reversed. Ellington, P. J., and Rickman, J., concur.*

---

[1] Our decision is also consistent with foreign authorities who have considered similar circumstances. See, e.g., *Allstate Ins. Co. v. Ashley*, 833 F. Supp. 583, 586 (S.D. W. Va. 1993), aff'd 37 F3d 1492 (4th Cir. 1994) (finding that all five of the insureds' vehicles were covered by one policy and one UM coverage endorsement); *Allstate Ins. Co. v. Stilwell*, 181 N.C. App. 141, 144 (639 SE2d 107) (2007) (finding that "[g]iven the language in the declarations, along with explanatory letters from Allstate, the billing under one number with the same renewal periods, the cross-referencing of the policy numbers, and the fact that the [insureds] were only charged once for UIM coverage," the insureds had only a single insurance policy); *Dodd v. Allstate Ins. Co.*, 99 P3d 1219, 1222, 1224 (¶¶ 10, 13) (Ok. Civ. App. 2004) (holding that whether insured had one policy or two, she was entitled to two UM benefits where she paid two UM premiums); *Allstate Ins. Co. v. Durham*, 838 So. 2d 1254 (Fla. Dist. Ct. App. 2003) (finding that insureds' five vehicles were insured under two different policy numbers, but Allstate had issued only one insurance policy, such that it was only required to provide one statutory notification that UM coverage was not being provided).