**Scott D. MADDEN, Plaintiff,**

v.

**PROTECTION ONE ALARM MONITORING, INC. and Protection One, Inc., Defendants.**

**No. CIV.A.1:04–CV–1865–C.**

United States District Court, N.D. Georgia, Atlanta Division.

Nov. 1, 2004.

As Amended Feb. 16, 2005.

▮

---

Christopher Garrett Moorman, Office of Christopher G. Moorman, Atlanta, GA, for Plaintiff.

Matthew J. Gilligan, Robert Steven Ensor, Alston & Bird, Atlanta, GA, for Defendants.

## AMENDED ORDER[1]

COOPER, District Judge.

Pending before the Court is Defendant Protection One Alarm Monitoring, Inc.'s and Defendant Protection One, Inc.'s Motion to Compel Arbitration and Stay Proceedings [Doc. No. 6].

## I. BACKGROUND

### A. Substantive History

Defendant Protection One Alarm Monitoring, Inc. is in the business of providing commercial and residential monitored security services throughout the United States. Plaintiff Scott D. Madden (referred to herein as "Plaintiff") was formerly employed by Defendants Protection One Alarm Monitoring, Inc. and Protection One, Inc. (collectively referred to herein as "Defendants") from December 8, 2001 through July 15, 2003.

On February 26, 2003, Defendants offered Plaintiff a retention and severance bonus agreement (referred to herein as the "Agreement") allegedly to induce Plaintiff to remain employed by Defendants, notwithstanding the possible sale of the company. Plaintiff alleges that Defendants agreed to pay him a "Retention Bonus" in an amount equal to six months of his regular base pay, which was $90,000.00 per year. The Agreement also allegedly provided that if Plaintiff's employment was terminated for any reason other than "cause," Plaintiff would be eligible to receive a lump sum "Severance Bonus" in an amount equal to nine months of his regular

---

1. The Court hereby AMENDS its Order entered on November 3, 2004, only to include information inadvertently omitted in footnote 1 of that Order. That information is now contained in footnote 2 of the instant Order. The substance of the Court's ruling remains the same.

base pay within ten days of his last day of employment. The Agreement contained an arbitration provision, which required the parties to arbitrate any disputes arising out of or relating to the rights and obligations of the parties under the Agreement and Plaintiff's employment relationship with Defendants. That provision also required Plaintiff to pay half the costs and expenses of the arbitration proceeding.

Plaintiff signed the Agreement on March 12, 2003. On July 15, 2003, Defendants terminated Plaintiff for allegedly falsifying documents and information. Plaintiff contends that Defendants' allegations against him are false and that Defendants fabricated the claims to avoid monetary obligations to Plaintiff under the Agreement.

### B. *Procedural History*

On May 25, 2004, Plaintiff filed suit against Defendants[2] in the State Court of Fulton County, Civil Action No. 04–VS–067119Y. On July 25, 2004, the Defendants removed the case to this Court. Plaintiff's Complaint alleges claims for breach of contract, breach of duty of good faith and fair dealing, fraudulent inducement, promissory estoppel, and defamation. Plaintiff seeks damages in the amount of $112,500.00, and Plaintiff also seeks attorneys' fees and costs. Defendants presently move the Court to compel

arbitration and to stay the instant proceedings.

### II. STANDARD

 The Federal Arbitration Act (the "FAA") establishes a national policy favoring arbitration. *See Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 25, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991). The purpose of the FAA is "to reverse the longstanding judicial hostility to arbitration agreements ... and to place arbitration agreements upon the same footing as other contracts." *Id.* at 24, 111 S.Ct. 1647. The FAA therefore provides that agreements to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2 (2004).

 In determining whether to compel arbitration, the court must consider the following: (1) whether there is a valid written agreement to arbitrate; (2) whether the dispute between the parties falls within the scope of the arbitration agreement; and (3) whether the party asserting the claims has failed or refused to arbitrate the claims. *Lomax v. Woodmen of the World Life Ins. Soc'y*, 228 F.Supp.2d 1360, 1362 (N.D.Ga.2002). If the motion to compel arbitration is granted, the court is authorized to stay the trial of the action upon application of one of the parties. 9 U.S.C. § 3 (2004);[3] *see Paladino v. Avnet*

---

**2.** Quadrangle Group, LLC and Quadrangle Capital Partners, LP were initially named as defendants in this action. On August 9, 2004, this Court entered a Consent Order Dismissing, Without Prejudice, Defendants Quadrangle Group LLC and Quadrangle Capital Partners, LP [Doc. No. 5]. Therefore, Quadrangle Group, LLC and Quadrangle Capital Partners, LP are no longer defendants in the above-styled action.

**3.** 9 U.S.C. § 3 provides the following:
 If any suit or proceeding be brought in any of the courts of the United States upon any

issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

*Computer Tech., Inc.,* 134 F.3d 1054, 1057 (11th Cir.1998).

## III. DISCUSSION

In this case, the sole dispute concerns the validity of the arbitration provision agreed to by the parties. The subject arbitration clause provides the following:

You and the Company agree that arbitration shall be the sole and exclusive method for resolving any claim or dispute ("Claim") arising out of or relating to (a) the rights and obligations of you or the Company under this agreement, and (b) your employment relationship with the Company (including, without limitation, claims and disputes regarding employment discrimination, sexual harassment, termination, and discharge) regardless of whether such Claim arose or the facts on which such Claim is based occurred prior to or after the execution and delivery of this letter. You and the Company agree that (i) one arbitrator shall be appointed pursuant to the AAA Rules (defined below) to conduct such arbitration, (ii) all meetings of the parties and all hearings with respect to any arbitration shall take place in the city where you were employed by the Company on the date you sign this document, or such other location as the parties agree, (iii) each party to the arbitration shall bear its own costs and expenses (including, without limitation, all attorneys' fees and expenses, except to the extent otherwise required by applicable law), and (iv) all costs and expenses of the arbitration proceeding (such as filing fees, the arbitrator's fees, hearing expenses, etc) shall be borne equally between you and the Company. Any judgment, award or other determination of any arbitration under the AAA Rules shall be final, conclusive and binding on you and the Company, and may be enforced by any court of competent jurisdiction.

Arbitrations hereunder shall be conducted pursuant to the procedures set forth in the National Rules for the Resolution of Employment Disputes of the American Arbitration Association (as adopted and effective as of June 1, 1997 or such later version as may then be in effect (the "AAA Rules")).

Defs.' Br. in Supp. of Mot. to Compel Arbitration and Stay Proceedings, Ex. 1, Attach. A, pp. 2–3 (Emphasis in original).

■ Plaintiff contends that the above arbitration clause is invalid and unenforceable because the provision requires him to pay one-half of the costs and expenses associated with the arbitration proceeding. In support of this argument, Plaintiff primarily relies on two cases. First, in *Shankle v. B–G Maintenance Management of Colorado, Inc.,* 163 F.3d 1230 (10th Cir. 1999), the Tenth Circuit held that a mandatory arbitration agreement that requires an employee to split the cost of arbitration is unenforceable under the FAA because such an agreement effectively deprives the employee of an adequate and accessible forum to resolve his or her federal claims and to vindicate his or her statutory rights. The *Shankle* court reasoned that requiring a plaintiff to pay half the costs of mandatory arbitration when doing so would effectively preclude him from having his claims resolved would "undermine[ ] the remedial and deterrent functions of the federal anti-discrimination laws." 163 F.3d at 1235. Similarly, in *Perez v. Hospitality Ventures–Denver, LLC,* 245 F.Supp.2d 1172 (D.Colo.2003), the United States District Court for the District of Colorado held that a mandatory arbitration provision in an employee handbook, which contained a fee-splitting clause, was unenforceable under the FAA because the fee-splitting clause had the effect of precluding the plaintiff from vindicating statutory claims against her former employer.

Defendants argue that the instant case is distinguishable from both *Shankle* and *Perez* because Plaintiff is not seeking to vindicate federal statutory rights. The Court agrees. In *Shankle,* the plaintiff asserted claims under Title VII, the Americans with Disabilities Act, and the Age Discrimination in Employment Act. Likewise, in *Perez,* the plaintiff brought claims under the Family and Medical Leave Act and state tort law. In this case, on the other hand, Plaintiff's claims all arise under state law, and no federal statutory rights are implicated. Plaintiff has not cited any law that binds or persuades this Court to extend the holdings in *Shankle* and *Perez* to embrace non-statutory state law claims, and Plaintiff has not articulated any argument or provided legal support for any argument that there is a basis under state law to invalidate the parties' agreement to arbitrate. Consequently, the Court is of the opinion that Defendants' Motion to Compel Arbitration and Stay Proceedings is due to be granted.[4]

## IV. CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** Defendants' Motion to Compel Arbitration and Stay Proceedings [Doc. No. 6]. All proceedings in this Court are **HEREBY STAYED,** and Plaintiff is compelled to arbitrate each of his claims against Defendants.

The parties are **INSTRUCTED** to select an impartial arbitrator within twenty-five (25) days of the date of this Order, and to promptly notify the Court of their selection. If the parties cannot agree on an impartial arbitrator by the end of the twenty-five day period, the parties are **INSTRUCTED** to submit a list of three arbitrators to this Court. After the arbitrator has been selected, the arbitration shall proceed in accordance with the terms of the Agreement.

It is hereby **ORDERED** (1) that as of November 1, 2004, all discovery is stayed until February 1, 2005; (2) the parties shall in good faith arbitrate the case prior to February 1, 2005; and (3) the parties shall notify the court within twenty (20) days of the arbitration whether the arbitration is successful.

The Court **INSTRUCTS** the Clerk of Court to mark this case closed for statistical purposes, but the Court will retain jurisdiction. The case will be restored to the trial docket upon motion of a party so that the action may proceed. This Order shall not prejudice the rights of the parties to this litigation in any manner.

---

4. The Court notes that the Agreement in this case specifically incorporates the AAA Rules, which provide that certain filing and administrative fees may be reduced in cases of extreme hardship. See AAA National Rules for the Resolution of Employment Disputes, Rule 38. Further, to the extent that Plaintiff does incur fees, any fees levied are subject to judicial review. Thus, notwithstanding the Court's ruling in the instant Order, Plaintiff still has other methods available to seek a reduction of any costs or expenses associated with the arbitration.